UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ERIC K. STRAIT,

     Debtor.

_____/

Case No. 20-03793-swd
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT: HONORABLE SCOTT W. DALES
     Chief United States Bankruptcy Judge

On July 13, 2023, Roger G. Cotner, Esq. (the "Applicant"), attorney for Debtor, filed his Second Application for Allowance and Payment of Debtor's Attorney's Fees and Expenses (ECF No. 53, the "Second Fee Application"). The Second Fee Application seeks payment of fees totaling $2,450.00 and expenses of $87.89 -- $2,537.89 in total.

Chapter 13 trustee Brett N. Rodgers (the "Trustee"), through counsel, timely filed Trustee's Objection to Second Application for Allowance and Payment of Debtor's Attorney's Fees and Expenses (ECF No. 58, the "Fee Objection"). Specifically, the Trustee objects to four entries on the grounds that, in addition to being "excessive in nature," they seek payment for defending the Applicant's prior fee application, in violation of the court's Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses for Professionals Under 11 U.S.C. § 330(a).[1]

The parties agreed that the court should resolve the Second Fee Application without conducting a formal hearing. *See* ECF Nos. 62-64. Given the amount in controversy, this approach makes sense. Fed. R. Bankr. P. 1001.

The Trustee objects to the following entries:

1. Slip ID 160565 – 6/26/2021 – 4:29 pm – 0.90 hours at $250/hour - $225.00 total: Review letter from Court re fee application's inclusion of representation in Board of Review proceeding; and draft response to same.

2. Slip ID 160514 – 6/28/2021 – 3:38 pm – 1.00 hour at $250/hour - $250.00 total: Draft response to letter from Court re fee application's inclusion of representation in Board of Review proceeding, continued.

3. Slip ID 160653 – 6/29/2021 – 10:46 am – 1.40 - $250/hour - $350 total: Finalize and efile response to letter from Court re fee application's inclusion of representation in Board of Review proceeding.

---

[1] https://www.miwb.uscourts.gov/sites/miwb/files/Fee-Guidelines.pdf

4. Slip ID 160656 – 6/29/2021 – 1:02 pm – 0.10 - $250/hour - $25 total: Draft email to Eric and Amy to forward response to letter from Court re fee application's inclusion of representation in Board of Review proceeding.

Fee Objection at ¶ 3(a)-(d).  The Trustee seeks disallowance of 3.40 hours, as described above, for a total reduction of $850.00, arguing that the time spent reviewing and drafting a response to the court's letter of inquiry dated June 25, 2021 (ECF. No. 46) amounted to the non-compensable defense of a fee petition and should be removed "in its entirety."  Fee Objection at ¶ 3.

This court previously addressed a similar issue in *In re Rose*, 561 B.R. 70 (Bankr. W.D. Mich. 2016), a matter familiar to the Applicant as it also involved his firm.  In *Rose*, the court did not find the fees to be excessive in their totality, but it sustained objections to the fees incurred in defending an earlier fee application.  In finding these fees non-compensable, the court looked to *Baker Botts L.L.P. v. ASARCO, LLC*, 576 U.S. 121, 135 S. Ct. 2158 (2015), for guidance.

In response, the Applicant states that the Trustee in the current matter mischaracterized the entries as "defending the first fee application," arguing that there was never a defense because neither the Debtor nor the Trustee formally objected to the first fee application.  *Rose*, in contrast, involved objections by interested parties.  The court rejects this argument.

In *ASARCO*, the United States Supreme Court held rather curtly that 11 U.S.C. § 330(a)(1) "does not authorize the award of fees for defending a fee application and that is the end of the matter." [2]  *ASARCO*, 576 U.S. at 135, 135 S. Ct. at 2169.  The Supreme Court explained that, generally, the "American Rule" controls the allocation of attorney fees, including reimbursement of fees and costs in bankruptcy court.  *Id.* 576 U.S. at 126, 135 S. Ct. at 2164.  Under the American Rule, each litigant pays his own attorney's fees, regardless of the outcome, absent statutory or contractual provisions to the contrary.  *Id.* 576 U.S. at 125, 135 S. Ct. 2163 (internal citations omitted).  Although § 330(a)(4) shifts to the estate the cost of representing a chapter 13 debtor's interests, it does not shift the costs of representing the *debtor's counsel's interests*.  Neither the Debtor nor the estate benefitted from the Applicant's defense of his earlier fee application; the Applicant alone benefitted.  11 U.S.C. § 330(a)(4). Thus, there is no fee-shifting mechanism in play.

The court's letter asked the Applicant to clarify fees listed in the Applicant's first fee application for assisting the Debtor in a tax matter, clearly suggesting that the court may disallow some portion of the prior application.  The court's letter, in essence, functioned as the court's *sua sponte* objection, to which the Applicant responded on June 29, 2021 (ECF No. 47).  The Applicant's response was necessarily defensive, as well as instructive, and the court ultimately approved the prior request. Nevertheless, the court's letter prompted the Applicant to defend his fees, in that instance successfully.

---

[2] In *Rose*, this court rejected the Applicant's argument that *ASARCO* only applied in § 330(a)(1) cases, stating that the mandate from the Supreme Court in *ASARCO* was broad, reaching requests for reimbursement under § 330(a)(4). *Rose*, 561 B.R. at 75.

A bankruptcy court may raise issues on its own initiative, 11 U.S.C. § 105(a), and in fact has an independent obligation to do so with respect to fee applications. *See In re Rogers*, 500 B.R. 537, 543 (Bankr. W.D. Mich. 2013); *In re Copeland*, 154 B.R. 693, 697 (Bankr. W.D. Mich. 1993). The absence of any formal objection from a party in interest does not displace the American Rule or the letter and spirit of *ASARCO*. Congress authorized the court to raise issues *sua sponte* in part because it recognized that an individual creditor may be reluctant to raise an issue in a collective proceeding where other creditors would share the benefits of a successful motion or objection, but probably not the costs. This case illustrates that point. In penning the letter of inquiry after the objection period passed without objection, the court raised its concerns about the first application as a proxy for interested parties, not for its own benefit; the Applicant defended the first application not for the benefit of the Debtor or the estate, but for himself. The alignment of the court's duty and the interests of creditors sufficiently implicates the American Rule and the *ASARCO* holding, putting the Application outside the fee-shifting of § 330(a)(4).

As an additional observation, the court agrees with the Trustee that the fees charged for defending the first fee application are excessive, even if they were compensable notwithstanding *ASARCO*. No attorney, let alone a seasoned attorney such as the Applicant, should take almost one hour to read a two-page letter, especially where the second page contains only three lines of text and a signature block. Similarly, the Applicant's response to the court's letter is just under two pages. The court struggles to understand how the Applicant could reasonably spend 2.40 hours to respond to the court's previous concerns.

Regardless, because the fees in the current Application represent defense of the prior application, the court will disallow the $850.00 pursuant to § 330(a)(2), this court's ruling in *Rose,* and the Supreme Court's ruling in *ASARCO*.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Applicant's fees are DISALLOWED in the amount of $850.00, but the Application is otherwise APPROVED as a cost of administration to the extent of $1,687.89.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Eric K. Strait; attorney for the Trustee, Elizabeth Clark, Esq.; and Cotner Law Offices.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 20, 2023**



Scott W. Dales
United States Bankruptcy Judge